UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY REED,

    Plaintiff,

vs                                                                               Case No: 08-14034
                                                                              Honorable Victoria A. Roberts

PAETEC COMMUNICATIONS, ET AL,

    Defendants,

_____/

## ORDER DENYING MOTION AND
## SETTING SETTLEMENT CONFERENCE DATE

**I.    INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss Counts V through IX of Plaintiff's Complaint Due to Plaintiff's Failure to Submit to Medical Examination, filed July 9, 2009. [Doc. 32]. Plaintiff filed a Response. [Doc. 38]. Defendant filed a Reply. [Doc. 39]. The Court **DENIES** the Motion.

**II.    BACKGROUND**

Plaintiff Wendy Reed brings this action against her former employer McLeod USA Telecommunications Service, Inc., doing business as Paetec. As amended, her Complaint alleges: Count I - Breach of Contract; Count II - Conversion; Count III - Misrepresentation/Fraud; Count IV - Violation of MCL 600.2961 (Treble Damages); Count V - Disability Discrimination (in violation of the American with Disabilities Act ("ADA"), 42 USC 1201 *et seq*. and/or the Michigan Person's w/ Disabilities Civil Rights Act ("MPDCRA"), MCL 37.1101 *et seq*.); Count VI - Retaliation (in violation of the ADA

1

and/or MPDCRA); Count VII - OSHA Retaliation (in violation of the Michigan Occupational Safety and Health Act ("MIOSHA"), MCL 408.1001 *et seq.*); Count VIII - Whistleblower Violation (in violation of the Michigan Whistleblower's Act, MCL 15.361 *et seq*); and Count IX - Intentional Infliction of Emotional Distress.

Plaintiff says Defendants failed to pay her nearly $75,000.00 in commissions that she rightfully earned; retaliated against her for filing a MIOSHA complaint regarding Defendants' failure to accommodate her food allergy, specifically to certain Italian cheeses; and, terminated her for filing a police complaint regarding a workplace tampering with her "epi pen" (an emergency epinephrine injection device used to quickly stop allergic reactions).

Defendants filed a Counterclaim, as amended, which alleges: Count I - Claim for Attorney Fees under MCL 600.2961 and Count II - Intentional Interference with Contract. Defendants say Plaintiff falsely reported the tampering with her epi pen. They say the resulting police and internal investigations disrupted office operations, causing various employees and supervisors to breach their obligations to provide their best efforts and full attention to their jobs. Defendants say they are entitled to attorney fees, pursuant to MCL 600.2961, if they prevail.

During the course of discovery, Defendants sought to have their expert conduct an allergy skin test on Plaintiff. Plaintiff initially refused to submit to the testing, prompting Defendants to file a Motion to Compel. Defendants withdrew their Motion after Plaintiff agreed to the skin test. An appointment was scheduled for June 13, 2009.

On June 12, 2009, Plaintiff's adult daughter was taken to the emergency room with complaints of chest pain. The daughter was diagnosed with Pleurisy (an

inflammation of the lining of the lung), treated and released on the same day.  That same day, Plaintiff's counsel notified defense counsel via voice mail and facsimile that the daughter's illness would likely prevent Plaintiff from attending the scheduled examination the following day.  Plaintiff did not attend the examination, electing instead to care for her daughter.

Defendants agreed to re-schedule the examination if Plaintiff: (1) provided documentation to support her daughter's hospitalization on June 12; (2) agreed to be examined on Saturday, July 18; and (3) agreed to pay any cancellation fee for the original appointment.  They filed this Motion after Plaintiff failed to respond or agree to their conditions.  Defendants ask the Court to sanction Plaintiff and dismiss Counts V through IX of her Complaint.

Plaintiff says Defendants needlessly filed this Motion for tactical advantage.  She says she was and remains ready to proceed with the examination.  Additionally, Plaintiff says Defendants filed this Motion without first contacting opposing counsel, as required by L.R. 7.1.  She asks the Court to sanction Defendants pursuant to Fed. R. Civ. P. 11 for filing a frivolous motion.

## III.   APPLICABLE LAW AND ANALYSIS

Rule 37(b) of the Federal Rules of Civil Procedure authorizes the imposition of sanctions for a party's failure to obey an order requiring discovery.  Fed. R. Civ. P. 37(b)(2)(A) provides that "if a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may issue further just orders.  They may include the following: . . . (v) dismissing the action or proceeding in whole or in part . . . . "  A party "fails to obey" a discovery order merely by failing to comply; no

showing of willfulness, bad faith, or malice is needed. *Societe Internationale pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 208, 78 S. Ct. 1087, 2 L. Ed. 2d 1255 (1958).

In determining an appropriate sanction, the Sixth Circuit directed trial courts to consider four factors: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to the sanction; and (4) whether less drastic sanctions were first imposed or considered. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997); see also *Peltz v. Moretti*, No. 07-3338, 2008 U.S. App. LEXIS 19769, 2008 WL 4181188, at * 4 (6th Cir. Sept. 11, 2008); accord *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154-55 (6th Cir. 1988).

"Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). "Dismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." *Reg'l Refuse Sys.*, Inc., 842 F.2d at 153-54 (quoting *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 607 (6th Cir. 1985)). Rule 37(b) sanctions are discretionary, and are reviewed by the Court of Appeals under an abuse-of-discretion standard. See *Freeland*, 103 F.3d at 1276.

Defendants claim that *Parker v. Univ. of Penn.*, 2005 U.S. App. LEXIS 7558 (3rd Cir. 2005) supports an award of sanctions against Plaintiff for her failure to submit to the

4

skin test. *Parker*, an unpublished 3rd Circuit Court of Appeals opinion, involved a *pro se* plaintiff's claims, among others, of disability discrimination under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* The district court twice ordered the plaintiff to undergo a psychiatric examination pursuant to Fed. R. Civ. P. 35. When he refused, the court awarded the defendant money sanctions and dismissed the plaintiff's ADA claim for failure to submit to the examination.

On appeal, plaintiff argued that since he withdrew his ADA claim predicated on actual disability, and only a claim based on perceived disability remained, the court erred in ordering him to undergo the examination. The appeals court disagreed, noting that discovery rules permit a defendant to uncover the facts supporting the allegations in the plaintiff's complaint. Because a specific cause of action remained under the ADA concerning whether the plaintiff was regarded as disabled due to a major psychiatric illness, and he had been previously diagnosed with a major psychiatric illness, his mental health was in controversy and good cause existed for the examination. Consequently, the appeals court ruled the money sanctions and dismissal of the ADA claim were appropriate for his failure to attend.

Similarly here, the issue of whether Plaintiff suffers from allergies to certain cheeses is in controversy; it is at the crux of Counts V through IX of her Complaint. Plaintiff testified at deposition that she was diagnosed as a teen nearly 25 years ago and cannot recall the name of the diagnosing doctor. She has not identified any other physician who diagnosed the allergy. Good cause, therefore, exists for the examination. However, unlike *Parker*, where the plaintiff was twice ordered to submit to a psychiatric evaluation and refused, this Court never ordered Plaintiff to submit to

5

allergy skin testing.  The Court should not be persuaded that *Parker* applies here.

Moreover, upon review, none of the *Freeland* factors is present here.  First, it is not clear that Plaintiff's failure to cooperate with the testing was due to willfulness, bad faith, or fault.  She initially refused due to concerns about the invasive nature of the procedure.  While skin allergy testing is common, it does involve exposure to allergens and carries a small risk of infection, allergic reaction and/or anaphylaxis (a severe allergic reaction that occurs rapidly and causes a life-threatening response involving the whole body). See http://www.acaai.org/public/background/testing.htm. Plaintiff's initial apprehension, therefore, was not entirely misplaced.

With regards to the missed appointment, while admittedly, the daughter's emergency room ("ER") visit ended by June 13, Plaintiff says her daughter continued to experience weakness, chest pain and breathing trouble after her release from the ER.  See Response, Exh. 4, Affidavit.  She, therefore, elected to care for her daughter and not attend the exam.  This decision does not appear to stem from wilful behavior or bad faith.

Plaintiff says by affidavit that she will submit to the testing. See Response, Exh. 4.  She claims that after she missed the June 13 appointment, she agreed to Defendant's first and third conditions to reschedule, but not the second (due to a dispute between the parties over costs associated with an out-of-state witness deposition).  She and her counsel believed the issue was resolved and the testing would occur on July 18.  Defense counsel recalls no such agreement, and says there is no documentation of any agreement.

In their June 19, 2009 letter to Plaintiff's counsel, Defendants admit that Plaintiff

6

requested rescheduling of the appointment. Thus, it is a bit of a stretch to say Plaintiff refused to submit to testing. It appears the only real issue in dispute is the cancellation fee. Notably, Defendants have not been charged a cancellation fee and it is not clear if they will be. In any event, Defendants say the fee would only be $150.00. Certainly, the parties could have resolved the fee dispute in a more time and cost-effective manner, without involving the Court.

Second, there is no indication that Defendants were prejudiced by the delay. The Scheduling Order (Phase One) was entered on December 9, 2008. Defendants first asked Plaintiff in writing on April 3, 2009 – 4 months later and 4 weeks before the discovery deadline -- to undergo allergy testing. The June 13, 2009 appointment was already beyond the discovery deadline and the parties were in agreement regarding the testing by that date.

Third, Plaintiff has not been warned regarding sanctions, nor has the Court considered or previously imposed sanctions. At this juncture, however, a warning is appropriate.

Lastly, it is not clear that Defendants complied with L.R. 7.1, which requires the movant to ascertain whether a motion will be opposed. Plaintiff's counsel says he was not contacted before this Motion was filed. Defense counsel denies that claim, relying on his June 19 letter. However, that letter says "our initial thought was to renew our motion seeking dismissal of Counts V through IX of the complaint, all of which involve her alleged allergy, due to her failure to engage in discovery. Upon reconsideration, however, we are willing to provide Ms. Reed an opportunity to comply with her discovery obligations if the following conditions are met . . ." The faxed letter asks

Plaintiff's counsel to respond in writing by June 23.

No written response was forthcoming from Plaintiff's counsel by Defendants' deadline. But, Defense counsel provides no further correspondence advising Plaintiff that a Motion would, in fact, be filed or seeking concurrence. Defendants' Motion claims to include such correspondence (see Doc. 32. ¶ 24), but it is omitted.

### IV. CONCLUSION

The Court **DENIES** Defendants' Motion to Dismiss Counts V through IX of Plaintiff's Complaint. The Court also **DENIES** Plaintiff's request for sanctions.

The Court orders Plaintiff to submit herself for allergy testing within 30 days of this Order. Failure to comply will result in sanction, up to and including dismissal of Counts V through IX of her Complaint.

Further, a Settlement Conference is set for **Thursday, September 10, 2009 at 1:00 p.m.** If counsel believes such a conference would not be fruitful, both counsel should contact the Court and a conference call will be held instead.

**IT IS ORDERED.**

　　　　　　　　　　　　　　　　　　　　/s/ Victoria A. Roberts　　　　　
　　　　　　　　　　　　　　　　　　Victoria A. Roberts
　　　　　　　　　　　　　　　　　　United States District Judge

Dated: August 5, 2009

---
The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 5, 2009.
s/Linda Vertriest
Deputy Clerk

---

8